# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

| | |
|---|---|
| RONALD LASLEY<br>Reg #11601-031 | PETITIONER |
| v.    2:18cv00047-BSM-JJV | |
| GENE BEASLEY, Warden,<br>Forrest City Federal Prison Camp | RESPONDENT |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the Chief District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the Chief District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Ronald Lasley's Petition for Writ of Habeas Corpus (Doc. No. 1) seeking relief pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Bureau of Prisons (BOP) Forrest City Federal Prison Camp and seeks the Court to direct prison officials to grant him twelve-month placement in a residential reentry center (RRC). For the following reasons, I recommend the Petition be dismissed and the requested relief be denied.

## I. BACKGROUND

Mr. Lasley is serving a sentence of 151 months commencing March 23, 2009, and has a projected release date of October 9, 2018. (Doc. No. 3 at 2.) In accordance with the Second Chance Act, the BOP recommended a residential re-entry center placement of 151 to 180 days. *Id.* Mr. Lasley's placement date was scheduled for April 11, 2018. (Doc.

No. 1 at 25.)  Mr. Lasley says prison officials violated 18 U.S.C. § 3624(c) by not considering a twelve-month placement in a RRC.  (Doc. No. 1 at 1-2.)  He says, ". . . Petitioner was expressly informed that unless he had unusual or extra-ordinary circumstances, Petitioner was limited to a cap of 150-180 days of half-way house placement and would not be considered for the full 12 months half-way house placement as allowed by the Second Chance Act, as set forth in 18 USC § 3624(c)."  (*Id.*)  Additionally, Mr. Lasley alleges the BOP violated 42 U.S.C. § 17541 (now 34 U.S.C. § 60451) by not considering his re-entry and skills development programs in its recommendation.  *Id.*

## II.   ANALYSIS

The BOP is authorized to designate where federal inmates are imprisoned, which may be "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] . . . that the [BOP] determines to be appropriate and suitable. . ." 18 U.S.C. § 3621(b) (2008).  According to the statute, the BOP shall consider the following factors:  (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) statements and recommendations from the sentencing court; and (5) any pertinent policy statements issued by the United States Sentencing Commission.  *Id.*

The BOP has no statutory or other legal obligation to place a prisoner in a RRC. The BOP must only "facilitate the prisoner's transition from the prison system." *Elwood v. Jeter,* 386 F.3d 842, 847 (8th Cir. 2004).  The BOP is only required to individually consider a prisoner pursuant to the statutory factors set forth in § 3621(b) and to consider

3

requests for RRC placement in "good faith." *Miller v. Whitehead,* 527 F.3d 752, 758 (8th Cir. 2008). The BOP must only "ensure that a prisoner . . . spends a portion of the final months (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c) (2008). The BOP has no obligation to consider a twelve-month prerelease custody, but only a reasonable opportunity not exceeding twelve months. Accordingly, Mr. Lasley has no right to twelve-month placement in a RRC and his Petition should be dismissed on this basis alone.

Petitioner also fails to provide any evidence of bad faith by the BOP. The BOP used its authorized discretion in making its recommendation for Mr. Lasley's placement. Mr. Lasley relies on a comment made by his Unit Team as basis for his request not being reviewed individually. (Doc. No. 1 at 3.) Mr. Lasley fails to show - despite the general guidelines to which the comment allured - his case was not reviewed independently. Additionally, none of the 18 U.S.C. § 3621(b) factors listed above correlate to the re-entry and skills programs on which Mr. Lasley relies.

Mr. Lasley cites *Krueger v. Martinez,* 665 F. Supp. 2d 477, 477 (M.D. Pa. 2009) where the staff was found to not have conducted an individualized determination. But the Unit Team here clearly made such a determination and concluded that Mr. Lasley's circumstances did not rise to the extraordinary level needed for a twelve-month placement. (Doc. No. 3-1 at 8-9.) Because Mr. Lasley did not show that the BOP acted in bad faith and the BOP provided the circumstances they evaluated, the BOP did not violate any statutory requirements.

I also find the BOP did not violate 42 U.S.C. § 17541 (now 34 U.S.C. § 60451) by not considering his re-entry and skills development programs.  The Director *may* utilize the maximum allowable period as an incentive for programs, but there is no requirement for the Director to use the maximum time as an incentive.  34 U.S.C. § 60451(2) (2014).  The Director has the authority to create other incentives.  *Id.*  Because the statute does not require the BOP to consider the programs or use the RRCs as incentives, there is no statutory violation.[1]

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.　The Petition for Writ of Habeas Corpus (Doc. No. 1.) be DISMISSED and the requested relief be denied.

2.　All pending motions be DENIED as moot.

DATED this 4th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Lasley's reliance on *Krueger* has yet to be accepted by the majority of courts.  *See Krueger,* 665 F. Supp. 2d 477, *contra Bania v. Roal,* 2012 WL 1886485, at *4 (D. Minn.)